# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN J. MABLE,                    :

    Petitioner                :    CIVIL ACTION NO. 3:15-1138

v.                                  :    (MANNION, D.J.)
                                                            (MEHALCHICK, M.J.)

BRENDA L. TRITT, et al.,            :

    Respondents              :

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Mehalchick, recommending that the instant petition for writ of habeas corpus submitted pursuant to 28 U.S.C. §2241 as well as the petitioner's motion to vacate the state court judgment that Judge Mehalchick relied upon in her September 15, 2015 Order be dismissed due to a lack of jurisdiction. (Doc. 18). Specifically, Judge Mehalchick finds that the petitioner improperly challenges the validity or execution of a *state court sentence* under 28 U.S.C. §2241; court sentences are not governed by that provision of the United States Code, and instead are solely governed by 28 U.S.C. §2254. (Doc. 18, p. 3). The court **ADOPTS** the report and recommendation insofar as it dismisses the motion to vacate the state court judgment, (Doc. 16), but departs from the recommendation to dismiss the habeas corpus petition.

By way of relevant background, the petitioner, Steven J. Mable, is currently an inmate at the State Correctional Institution in Frackville, Pennsylvania. On June 10, 2015, the petitioner filed a federal habeas petition

challenging his September 1995 conviction for first-degree murder and sentence by the Court of Common Pleas of York County. (Doc. 1). Specifically, in the petition, the petitioner alleges that the Pennsylvania Department of Corrections unlawfully holds him in custody pursuant to a defective commitment form based upon a void judgment. (Doc. 1). He later amended and expanded his petition, but the grounds remain unchanged. (Doc. 5). On September 15, 2015, Magistrate Judge Mehalchick issued an Order ("Order"), in which she determined that the instant petition falls under and 28 U.S.C. Section 2254 of the United States Code, not Section 2241, as the petitioner argues in his petition (and all submissions to the court). (Doc. 13, p.2). The Order states that the petitioner "shall file, within thirty (30) days of the date of this Order, the attached election form, indicating an election to withdraw the petition or to have the petition construed and ruled upon under 28 U.S.C. §2254," *id.* at 3, and if the petitioner fails to comply with the Order, "the petition [will be] construed and ruled upon under 28 U.S.C. §2254." *Id.*

On September 30, the petitioner sent a letter ("Letter") to the court responding to the Order. (Doc. 14). In the Letter, the petitioner explains his misunderstanding of the Order and 28 U.S.C. §2254, and he also argues that he is afforded rights under 28 U.S.C. §2241 and wishes to proceed under §2241, and not §2254. *Id.* at 1,3. The petitioner also filed a motion for reconsideration of the Order, (Doc. 15), which was subsequently denied by the court, (Doc. 17), and a motion to vacate the State Court judgment against

2

him, which includes all the same arguments as those found in the original petition and supporting submissions. (Doc. 16). On October 7, 2015, Judge Mehalchick issued a Report and Recommendation ("R&R") regarding the petitioner's habeas corpus petition as well as his motion to vacate the State Court judgment. (Doc. 18). The petitioner filed timely objections to the R&R on October 15, 2015. (Doc. 19). On the same date, he filed his "Notice of Election," as required by and within the time-frame stated in the September 15, 2015 Order. (Doc. 20). The respondents in this case have not filed any objections or reply to the petitioner's objections.

When objections are timely filed to the report and recommendation of a Magistrate Judge, the district court must review *de novo* those portions of the report to which objections are made. *See* 28 U.S.C. §636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *See Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (2000) (citing *United States v. Raddatz,* 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010)

(citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *See* 28 U.S.C. §636(b)(1); Local Rule 72.31.

The petitioner objects to Judge Mehalchick's R&R on the grounds that Judge Mehalchick did not provide him with the full thirty (30) days to comply with the September 15, 2015 Order, and that his letter to the court on September 30, 2015 did not foreclose his ability submit an election and otherwise comply with the Order. (Doc. 19). First, the petitioner correctly states that the Order mandated he return a completed election form to the Court within thirty (30) days of the Order. (Doc. 13, p. 3); (Doc. 19, p.1 ("[T]he Court failed to note the Petitioner has (30) days to elect a response to the order of September 15, 2015.")). The Order was issued on September 15, 2015. Therefore, the petitioner had until October 15, 2015 to file his election form.

In the R&R, Judge Mehalchick explains that on September 30, 2015, the petitioner responded to the Order by "fil[ing] a letter with this Court, in which he demands that the Court entertain his §2241 petition and *refuses to allow the Court to construe the petition as one under §2254*." (Doc. 18, pp. 1-2 (citing Doc. 14) (emphasis added)). Judge Mehalchick viewed his Letter as

4

an express rejection of the election form and thus a rejection of the invitation "to have his petition construed and ruled upon pursuant to §2254." *Id.* at 3. The court understands and agrees with Judge Mehalchick's interpretation of the petitioner's Letter. Given the information she had before her and considering the content of the Letter, Judge Mehalchick reasonably concluded that the Letter served as the petitioner's definitive response to the Order, a response that expressly rejected the opportunity to proceed under 28 U.S.C. §2254. Therefore, her decision to issue an R&R on October 7, 2015, before the petitioner's time to comply with the Order had expired, was both reasonable and appropriate. (Doc. 18).

The petitioner, though, objects to this characterization of his Letter and states that he did not intend to "refuse to allow the Court to construe his writ of habeas corpus," and that he was simply trying to communicate his misunderstanding of Section §2254 and desire to protect his Constitutional rights. (Doc. 19, pp. 1-2). Moreover, in his objections, he further stated: "I have not foreclosed on the election to have my petition for a writ of habeas corpus ruled upon as the remedy fits." (Doc. 19, p. 2). While the petitioner may not have intended to foreclose his ability to submit an election, a reasonable person could easily conclude that his Letter accomplished just that.

However, as mentioned above, on October 15, 2015 (the last day within the requisite time period), the petitioner did take actions to comply with the

5

Order by submitting a completed election form, in which he "cho[se] to have the Court rule on [his] petition as filed under 29 U.S.C. §2254." (Doc. 20, p.1). Because the petitioner is a *pro se* litigant, the court will provide the petitioner with the benefit of the doubt and accept his election to proceed under §2254.

In conclusion, the court agrees with Judge Mehalchick's legal reasoning and conclusion that Section §2254 rather than §2241 applies to the instant petition, and further agrees that the petitioner appeared to reject his ability to proceed under the correct provision. Given his status as a *pro se* litigant and the fact that he ultimately filed a timely election pursuant to the Order, the court will nevertheless accept his election, (Doc. 20), and allow the petitioner to proceed in this case. In the interest of justice, the court will depart from the R&R insofar as it dismisses the petition and will instead remand the petition to be ruled upon by Judge Mehalchick pursuant to 28 U.S.C. §2254.

As for Judge Mehalchick's recommendation to deny the motion to vacate, the petitioner does not object and in fact "concedes to the dismissal of the MOTION TO VACATE." (Doc. 19, p. 2). After reviewing this conclusion and finding no clear error of law, the court **ADOPTS** the dismissal of the motion to vacate for lack of jurisdiction. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 9, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1138-01.wpd