UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN J. MABLE,                           :

       Petitioner                        :        CASE NO. 3:15-CV-1138

       v.                                    :        (MANNION, D.J.)
                                                        (MEHALCHICK, M.J.)

BRENDA L. TRITT, et al.,             :

       Respondents                   :

## MEMORANDUM

Pending before the court is a Report and Recommendation ("R&R") from Magistrate Judge Mehalchick recommending petitioner Steven J. Mable's ("Mable") habeas corpus petition be denied and dismissed with prejudice. Also before the court is a related motion to dismiss filed by Brenda L. Tritt, Superintendent of the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"), similarly recommending dismissal of the petition. The court will address both the R&R and the motion to dismiss in this memorandum. For the reasons stated herein the court will **ADOPT IN FULL** Judge Mehalchick's R&R and **GRANT** the motion to dismiss.

**I.     BACKGROUND**

Mable is currently an inmate serving a life sentence at SCI-Frackville. On June 10, 2015, Mable filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2241(c)(3), challenging his September 1995

1

conviction for first-degree murder in the Court of Common Pleas of York County and his subsequent detention in state prison. (Doc. 1). In this petition, Mable argues he is being unlawfully held by the Pennsylvania Department of Corrections pursuant to a defective commitment form ("DC-300B") and that his commitment was based upon a void judgment. On June 29, 2015, Mable amended his petition to include additional facts and exhibits in support of his contention that "'Section 2501 of the Crimes Code' specified in form DC-300B court commitment being relied on to detain Petitioner, does not legally prescribe or authorize a penalty of imprisonment. Therefore, the court lacked subject matter jurisdiction to order Petitioner's Commitment." (Doc. 5, ¶10).

On September 15, 2015, Judge Mehalchick issued an Order ("Order") advising petitioner that his reliance upon 28 U.S.C. §2241 was misplaced, and instructing petitioner either to allow the petition to be construed under 28 U.S.C. §2254 or to withdraw the petition in its entirety. (Doc. 13). Judge Mehalchick granted petitioner thirty (30) days to complete an attached election form to this effect. (Doc. 13, p. 3). By letter dated September 30, 2015, Mable declined Judge Mehalchick's invitation to construe the petition under 28 U.S.C. §2254, insisting the court rule on his petition pursuant to 28 U.S.C. §2241.[1] (Doc. 14). Mable also filed a motion to vacate the State Court

---

[1] Petitioner reiterated his position in a "Motion for Reconsideration and to Clarify Challenges," (Doc. 15), dated September 30, 2015.

judgment in which he reasserted the same arguments included in his original petition. (Doc. 16). Based upon this letter, Judge Mehalchick issued an R&R on October 7, 2015, recommending this court dismiss both petitioner's habeas corpus petition and his motion to vacate. (Doc. 18).

On December 9, 2015, this court issued an order agreeing with Judge Mehalchick that "§2254 rather than §2241 applied to the instant petition, and . . . that the petitioner appeared to reject his ability to proceed under the correct provision." (Doc. 22, p. 6). The court also adopted Judge Mehalchick's recommendation to dismiss the motion to vacate for lack of jurisdiction. *Id*. However, the court construed petitioner's September 30, 2015 letter as a valid election pursuant to the Order and remanded the petition to be ruled upon pursuant to 28 U.S.C. §2254. *Id*.

On February 9, 2016, Judge Mehalchick issued an order to show cause directing the "proper respondent"[2] to reply to the petition. (Doc. 26). On July 13, 2016, respondents Brenda L. Tritt, et al. ("respondents") filed their response in the form of a motion to dismiss the petition as "meritless on its face and patently frivolous." (Doc. 40). On July 15, 2016, Judge Mehalchick issued an R&R recommending this court summarily dismiss the petition as

---

[2] "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 427 (2004).

3

facially meritless. On July 25, 2016, Mable filed his Objection to this R&R.[3] (Doc. 42). On October 20, Mable filed a letter requesting expedited consideration of his petition. (Doc. 45).

## II. STANDARDS OF LAW

"If it plainly appears from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief in the district court, the judge must enter an order summarily dismissing the petition and cause the petitioner to be notified." Rules Governing Section 2254 Cases, Rule 4, 28 U.S.C. foll. §2254. *See also* McFarland v. Scott, 512 U.S. 849, 856 (1994). The reviewing court may summarily dismiss a federal habeas corpus petition if claims contained therein are "palpably incredible" or "patently frivolous or false." Blackledge v. Allison, 431 U.S. 63, 76 (1977) (citing Herman v. Claudy, 350 U.S. 116, 119 (1956)). Although a respondent to a habeas corpus petition is generally required to advise the district court if the petitioner has exhausted all available state remedies, the court may deny the petition "if it is perfectly clear that the applicant does not raise even a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987). *See also* 28 U.S.C. §2254(b)(2).

---

[3] Mable also filed two (2) letters, one on August 1, 2016, (Doc. 43), and one on September 6, 2016, (Doc. 44), variously reasserting his claims for relief and describing conditions in prison.

**III. DISCUSSION**

Mable's petition rests solely on the alleged deficiency of the DC-300B under which he is committed. He asserts the DC-300B is "insufficient to lawfully commit and detain [him], involuntarily, in an [i]nstitution as Section 2501 Penal Statues do not prescribe and/or authorize any commitment or detention into an institution whatsoever." (Doc. 1, p. 7). That is, since §2501 does not contain a provision specifically authorizing imprisonment, Mable contends his September 21, 1995 conviction must be void for want of subject matter jurisdiction. (Doc. 5, p. 3).

Mable misunderstands the applicable statutes. "A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." 18 Pa.C.S. §2501(a). "A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing." 18 Pa.C.S. §2502(a). "[A] person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree)."[4] 18 Pa.C.S. §1102.

Here, we have a case of straightforward statutory interpretation and

---

[4] §1102 includes exceptions for "persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer" that are inapplicable in the instant case.

application. Whether the DC-300B explicitly cites to 18 Pa.C.S. §1102 is of no moment. Mable is correct that 18 Pa.C.S. §2501 does not prescribe the respective sentencing ranges for each offense therein. It does, however, detail the degrees of the felonies and the corresponding 18 Pa.C.S. §1102 prescribes the ranges of imprisonment. §1102 is clear: the minimum sentence for a person convicted of first degree murder is life imprisonment in accordance with 42 Pa.C.S. §9711. Neither Mable's detention nor the subject matter jurisdiction of the Court of Common Pleas are in any way undermined by the fact that Mable's DC-300B does not explicitly cite 18 Pa.C.S. §1102 or 42 Pa.C.S. §9711. Furthermore, Mable fails to provide any authority to support his contention that a state statutory sentencing provision must be within the provision defining the degrees of the crime. Because Mable's claim is patently frivolous on its face this court will dismiss the petition with prejudice.

Since the petitioner may not file an appeal from a final order unless a judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c), the petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). *See also* Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("...a COA should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") Here, a COA will not issue because the petitioner has not shown that jurists of reason would disagree with this court's resolution of the claims.

## VI. CONCLUSION

On the basis of foregoing, the court **ADOPTS IN FULL** Judge Mehalchick's R&R, (Doc. 41), and **GRANTS** respondents' motion to dismiss, (Doc. 40). The court also declines to grant a certificate of appealability. Finally, this memorandum and order render moot Mable's motion for expedited consideration. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: October 31, 2016

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1138-02.wpd