**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| STEVEN J. MABLE, | : | |
|---|---|---|
| Petitioner | : | CASE NO. 3:15-CV-1138 |
| v. | : | (MANNION, D.J.) |
| BRENDA L. TRITT, et al., | : | (MEHALCHICK, M.J.) |
| Respondents | : | |

**MEMORANDUM**

**I.     BACKGROUND**

On October 31, 2016, the court adopted the July 15, 2016 Report and Recommendation of Judge Mehalchick, (Doc. 41), in which she recommended that petitioner Steven J. Mable's ("Mable") habeas corpus petition, pursuant to 28 U.S.C. §2254, challenging his September 1995 conviction for first-degree murder in the Court of Common Pleas of York County and his sentence of life imprisonment, be denied and his case be dismissed with prejudice. The court also declined to grant a certificate of appealability. (Docs. 46 & 47). Mable filed a notice of appeal and on February 22, 2017, the Third Circuit issued an Order denying Mable's request for a certificate of appealability under 28 U.S.C. §2253(c)(1). (Doc. 50).

One year and nine months after this court issued its October 31, 2016 Order, Mable filed a motion for reconsideration and/or a motion to alter judgment under Federal Rule of Civil Procedure 60(b). He seeks relief from the court's October 31, 2016 Order denying his habeas petition, (Doc. 51), arguing that the court's adoption of Judge Mehalchick's report was "based on a fraud perpetrated on the court." Mable argues that he has new facts to show

that he is being held in violation of the U.S. Constitution since there is no state law crime of criminal homicide under 18 Pa.C.S.A. §2501(a) and since this statute is "nothing more than dead letter law."[1]

As relief in his motion, Mable requests the court to void its October 31, 2016 Order and seemingly to grant his habeas petition since "no crime of criminal homicide with lesser included offenses of murder and manslaughter exist."

Since Mable's motion is an untimely Rule 59 motion for reconsideration, it is **DENIED**. Further, he has not shown any fraud, mistake of law or fact to support his argument. Additionally, insofar as Mable seeks the court to vacate his state criminal conviction under Rule 60(b)(3) based on fraud perpetuated on the court, his motion is **DENIED** as an untimely successive habeas petition.

## II.    STANDARDS OF REVIEW

Mable moves pursuant to Rule 60(b). That rule allows a "court to relieve a party or its legal representative from a final judgment, order, or proceeding" to correct "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b), however, is not a substitute for appeal and generally a mistake of law is insufficient ground to alter judgment. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988); *Page v. Schweiker*, 786 F.2d 150, 154-55 (3d Cir. 1986). The

---

[1]The court will not restate the background of this case since it is detailed in Judge Mehalchick's report and this court's Memorandum adopting the report.

proper vehicle to re-litigate the issues handled in a court's prior order is a motion to reconsider brought pursuant to Federal Rule of Civil Procedure 59. *Smith*, 853 F.2d at 158. The court must look to the substance of the motion and not necessarily the cited rule to determine the applicable rule and standard of review. *Id.*

> A court may alter or amend a judgment if a party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café by Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is subject to the sound discretion of the court. Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001). Motions for reconsideration are rarely granted because "courts have a strong interest in the finality of judgments." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D.Pa. 1995).

Brewington v. Klopotoski, 2012 WL 3764929, *2 (E.D.Pa. Aug. 30, 2012).

## III. DISCUSSION

Mable basically presents the same argument he raised in his habeas petition which was dismissed by the court, (Doc. 46), and he seeks essentially the same relief. As such, the court construes his present motion as a Rule 59 motion for reconsideration. *See* Brewington v. Klopotoski, 2012 WL 3764929 (E.D.Pa. Aug. 30, 2012) (court explained that a Rule 59(e) motion "provides a movant with the ability to request that the court alter or amend a judgment" and since the pro se inmate's motion sought such relief, it was a Rule 59 motion for reconsideration). The Order denying Mable's habeas petition and dismissing his case was filed on October 31, 2016. Mable's present motion

3

was filed on July 5, 2018, well past Rule 59's 28-day deadline. The motion is untimely and is denied on that basis.

Further, to the extent that Mable again argues that his state homicide conviction was obtained through fraud and files his motion under Rule 60(b)(3), as the court in Brewington, 2012 WL 3764929, *2, stated, "[a] federal court does not have the power to vacate its own or a state's prior criminal judgment obtained by fraud, outside of power authorized by statute, i.e., through a writ of habeas corpus." (citing United States v. Washington, 549 F.3d 905, 911-14 (3d Cir. 2008)). Further, "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Id. (quoting Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004));Vogt v. Colemant, 2017 WL 2288856, *3 (W.D.Pa. May 25, 2017) ("For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. §2244(b) against second or successive petitions."). Thus, the court does not have the power to vacate Mable's state homicide criminal conviction on a Rule 60(b)(3) motion and "the only means to challenge his state criminal conviction [is] by a writ of habeas corpus." Id., *3.

As such, Mable's instant motion, to the extent it is construed as a Rule 60(b)(3) motion, is denied as an untimely, successive habeas petition. *See id.*

Finally, insofar as Mable seeks to base his motion on Fed.R.Civ.P. 60(b)(6), "any other reason that justifies relief", "[a] motion under subsection (b)(6) requires a showing of 'extraordinary circumstances,' which the Supreme Court has recognized 'will rarely occur in the habeas context.'" Vogt, 2017 WL

4

2288856, *3 (citing Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). Mable has made no showing of "extraordinary circumstances" in his motion.

## IV. CONCLUSION

For the reasons discussed above, Mable's motion for reconsideration will be **DENIED**. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 10, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1138-03.wpd